**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS HANTGES, <br><br>          Debtor - Appellant, <br><br>   v. <br><br> MICHAEL W. CARMEL, Chapter 11 Trustee, <br><br>          Trustee - Appellee. | No. 09-17247 <br><br> D.C. No. 2:08-cv-00990-KJD-GWF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Thomas Hantges appeals from the district court's order affirming the

bankruptcy court's order requiring the turnover of bankruptcy estate property in his

Chapter 11 bankruptcy proceedings. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 158(d).  We review for clear error whether an appellant is a "person aggrieved."

*Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774,

777 (9th Cir. 1999).  We affirm.

The district court properly dismissed the appeal for lack of standing because,

by his own admission, Hantges was not "directly and adversely affected

pecuniarily" by the bankruptcy court's order and hence did not qualify as a "person

aggrieved."  *Id*.

Hantges's remaining contentions are unpersuasive.

**AFFIRMED.**